# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>A United States Postal Service Priority Mail parcel bearing label number EE257715699US | ) ) ) ) ) ) ) ) Case No. 2 20-MJ-02912 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

  *See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

  *See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

  ☒ evidence of a crime;
  ☒ contraband, fruits of crime, or other items illegally possessed;
  ☒ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | distribution and possession with intent to distribute a controlled substance |
| 21 U.S.C. § 843(b) | unlawful use of a communication facility |

The application is based on these facts:

  *See attached Affidavit*

  ☒ Continued on the attached sheet.

  ☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

DAGMAWI ABEBE
*Applicant's signature*

*Dagmawi Abebe*, United States Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

*Judge's signature*

City and state: Los Angeles, CA     Honorable Jean P. Rosenbluth, U.S. Magistrate Judge
*Printed name and title*

SAUSA: Patrick Castañeda x0637

**ATTACHMENT A**

PARCEL TO BE SEARCHED

A United States Postal Service Priority Mail Express parcel bearing label number EE257715699US, weighing approximately 3 pounds 6 ounces, postmarked on June 11, 2020, Homestead, FL, and which bears a handwritten address label with the following recipient information: "Deandrea Malbrough, 6561 Franklin Ave, 90028, LA, California;" and with the following sender address information: "Anfernary Coqmard, 1665 NE 37th PL, 33033, Homestead, FL Ho."

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following items are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

      a.   Any controlled substances;

      b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1000; and

      c.   Packaging material used to wrap or conceal any currency or controlled substances.

## **AFFIDAVIT**

I, Dagmawi Abebe, being duly sworn, declare and state as follows:

### I. **PURPOSE OF AFFIDAVIT**

1.  This affidavit is made in support of an application for a search warrant for United States Postal Service ("USPS") Priority Mail Express parcel bearing label number EE257715699US (the "SUBJECT PARCEL"), currently in the custody of the United States Postal Inspection Service ("USPIS"), as described more fully in in Attachment A, which is incorporated by reference. The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance), as described more fully in Attachment B, which is also incorporated by reference.

2.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND FOR POSTAL INSPECTOR DAGMAWI ABEBE

3.   I am a United States Postal Inspector ("Postal Inspector") with the USPIS, and have been so employed since June 2012.  I completed a twelve-week basic inspector training course in Potomac, Maryland, which included training in the investigation of mail theft, identity theft, mail fraud, internet crimes, threats, assaults, robberies, burglaries and prohibited mailings such as drugs and child pornography.  In addition, I have received other formal and informal training from USPIS and outside agencies including: the San Francisco District Attorney's Office, the California Narcotics Officers Association, and the Drug Enforcement Administration.  I have also completed the USPIS Basic Contraband Interdiction and Investigations ("CI2") training and Internet Covert Operations Program trainings. During my time as a Postal Inspector, I have participated in multiple investigations into USPS-related violations of the Controlled Substances Act, and I have also discussed my investigations with other law enforcement officers. For these reasons, I am familiar with how drug traffickers use the mail to facilitate their trafficking.

4.   I am currently assigned to the USPIS Los Angeles Division CI2 Team, which is responsible for investigating the trafficking of narcotics through the United States Mail.  Prior to my assignment to the CI2 Team, I was assigned to a Mail Theft Team.  In this capacity, my responsibilities included the investigation of crimes against the USPS and crimes related to the misuse and attack of the mail system, including theft of

2

United States mail, possession of stolen United States mail, access device fraud, and identity theft.

### III. SUMMARY OF PROBABLE CAUSE

5. On June 12, 2020, I inspected the SUBJECT PARCEL. I suspect the SUBJECT PARCEL contains contraband because it has features I recognize as common to parcels containing contraband. Also on June 12, 2020, a trained drug-detecting dog alerted to the SUBJECT PARCEL for the presence of drugs or other items, such as the proceeds of drug sales, which have been contaminated by drugs.

### IV. STATEMENT OF PROBABLE CAUSE

6. Based on my training and experience as a Postal Inspector, and the experiences related to me by fellow Postal Inspectors and investigators who specialize in drug investigations, I know the following:

   a. Los Angeles is a major source area for drugs. As such, drugs are frequently transported from Los Angeles through the United States Mail, and the proceeds from drug sales are frequently returned to Los Angeles through the mail. These proceeds are generally in the form of cash, money orders, bank checks, or similar monetary instruments in an amount over $1000.00.

   b. Drug distributors often use USPS Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three day delivery mail product. Drug distributors use the Priority Mail Express delivery service because of its speed,

reliability, and the ability to track the parcel's progress to delivery.  Drug distributors use the Priority Mail delivery service because it provides them more time for travel between states if they decide to follow their shipments to their destination for distribution.  Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track the parcel's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

    7.    Based on my training and experience, the following indicia suggest that a parcel may contain drugs or drug distribution proceeds:

        a.    The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

        b.    The parcel bears a handwritten label, whether USPS Express Mail or Priority Mail;

        c.    The handwritten label on the parcel does not contain a business account number;

        d.    The seams of the parcel are all taped or glued shut;

        e.    The parcel emits an odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

        f.    Multiple parcels are mailed by the same individual, on the same day, from different locations.

    8.    Parcels exhibiting such indicia are the subject of further investigation, which may include verification of the addressee and return addresses.

a. I know from my training and experience that drug traffickers often use fictitious or incomplete names and addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases. To the extent that real addresses are ever used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

**A.   USPIS Identification of the SUBJECT PARCEL**

9. On June 12, 2020, I was at the Los Angeles International Service Center located at 5800 West Century Boulevard, Los Angeles, CA 90045, when I observed the SUBJECT PARCEL to have characteristics common to parcels containing contraband. Specifically, the SUBJECT PARCEL is a cardboard box being shipped using USPS Priority Mail Express, the return and recipient information are handwritten on the SUBJECT PARCEL, and signature confrmation for the SUBJECT PARCEL was waived. I then removed the SUBJECT PARCEL from the mail for further inspection.

10. I used the CLEAR[1] database to research the return and recipient addresses written on the SUBJECT PARCEL. The return address on the SUBJECT PARCEL is listed as "Anfernary Coqmard, 1665 NE 37th PL, 33033, Homestead, FL Ho." In CLEAR, I saw a person named "Anfernary Coqmard" associated with that address. The recipient address on the SUBJECT PARCEL is listed as "Deandrea Malbrough, 6561 Franklin Ave, 90028, LA, California."

---

[1] CLEAR is a public information database used by law enforcement that provides names, addresses, telephone numbers, and other identifying information.

5

In CLEAR, I did not find anyone by that name associated with that address.

**B. Drug Detection Dog Alerts to the SUBJECT PARCEL**

11.  On June 12, 2020, Los Angeles Police Department Officer Dolores Suviate and her trained drug-detection dog, "Smithy," examined the exterior of the SUBJECT PARCEL.  Attached as Exhibit 1, and incorporated by reference herein, is a true and correct copy of information provided to me by Officer Suviate regarding Smithy's training and history in detecting drugs, as well as Smithy's examination of the SUBJECT PARCEL.

12.  Officer Suviate told me that Smithy positively alerted to the SUBJECT PARCEL, indicating the presence of drugs or drug contaminated substances.

//

## V. CONCLUSION

13. For all the reasons above, there is probable cause to believe that the SUBJECT PARCEL, as described in Attachment A, contains evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance), as described in Attachment B.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __th day of
June, 2020.

_____
HONORABLE JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

Exhibit 1

iii

1. Your Affiant, Officer Dolores Suviate, Serial #35376, has been employed by the Los Angeles
2. Police Department since June of 1999.  Your Affiant has received formal training in the area of
3. narcotics and dangerous drugs at the Los Angeles Police Academy.  This training concentrated
4. on identifying methods of narcotics manufacturing, packaging, sales and use as well as the
5. appearance and effects of narcotics and dangerous drugs. Your Affiant has attended numerous
6. classes, seminars, training lectures and on the job training in the field of narcotics given by
7. other narcotic experts.  In July of 2000, your Affiant was assigned to the Juvenile Narcotics
8. School Buy Program.  During this time, your Affiant purchased marijuana and ecstasy in an
9. undercover capacity.  In 2001 your Affiant was assigned to the Juvenile Complaint Detail.  In an
10. undercover capacity, your Affiant purchased marijuana from the residences of several narcotic
11. dealers.  In 2002, your Affiant worked patrol at Central Division.  At this division, your Affiant
12. made numerous arrest for narcotic possession and sales. Your Affiant has been assigned to
13. Gang and Narcotics Division since October of 2003 and is currently assigned to the K-9 unit.
14.  While assigned to the division, your Affiant worked the City Wide Buy Team as an undercover
15. buy officer. For two years your Affiant, in an undercover capacity, purchased narcotics including
16. cocaine, heroin, methamphetamine and marijuana from narcotic street dealers.  In November
17. of 2003, your Affiant attended Narcotics School.  This was a five day school consisting of various
18. topics including the identification and packaging of illegal substances.   Your affiant is an LAPD
19. narcotic expert and has testified in both Municipal and Superior Courts in and for the County of
20. Los Angeles, as an expert in the field of identification, packaging and sales of narcotics.
21.      In May of 2015, your Affiant was assigned to the K-9 unit.  On June 1, 2015 your Affiant
22. assumed the responsibility of training and handling a narcotics detection dog named "Smithy"
23. K9-250. "Smithy" was first certified on January 14, 2013 and placed into service on January 15,
24.  2013. "Smithy" alerts upon detecting the odor of the drugs marijuana, cocaine, heroin, and
25.  methamphetamine.  His alerts consist of both physical and behavioral reactions which

26  include a heightened emotional state in which he focuses on the source of the odor. "Smithy"
27  becomes very possessive of the area in which he detects the narcotic odors for which he is
28  trained. "Smithy" will positively alert his handler to the scent of heroin, cocaine, marijuana and
29  methamphetamine. On May 27, 2020, the Los Angeles Police Department and
30  the National Police Canine Association have certified "Smithy" and your Affiant as a team
31  for use. "Smithy" has received over (916) hours of training, during which time he has
32  successfully found over (3382) training aids, which consists of actual narcotics. Smithy has been
33  successfully used in over (799) cases in which controlled substances have been found.
34  Smithy is responsible for the seizure of over (111 LBS.) of cocaine, (26 LBS.) of heroin,
35  (772 LBS.) of marijuana and (242 LBS.) of methamphetamine.
36
37      On June 12, 2020, your Affiant responded to a request for a narcotic detection K9 at
38  5800 W. Century Boulevard, Los Angeles, CA 90045. "Smithy" alerted to the presence of scent
39  of narcotics on or in:
40
41  U.S. Parcel EE257715699US
42
43  I declare under penalty of perjury that the above information is true and correct.
44  Executed at 10:41 AM on the 12th of June in Los Angeles County.
45
46
47
48
49                                          Officer Dolores Suviate #35376
50
51
52